1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ANGELA GIMMELLIE, an individual, | Case No. 2:21-cv-00212-RFB-NJK |
| Plaintiff, | |
| vs. | |
| SOMERPOINTE REALTY, LLC, a Nevada Limited Liability Company; AARON LEWIS, an individual; JUNID SANCHEZ, an individual; DOES I through X, inclusive; and ROE BUSINESS ENTITIES, I through X, inclusive, | **ORDER TO EXTEND DISCOVERY DEADLINES** |
| | **[THIRD REQUEST]** |
| Defendants. | |

Pursuant to Local Rule IA 6-1 and Local Rule 26-3, Defendants SOMERPOINTE REALTY, LLC, AARON LEWIS and JUNID SANCHEZ (hereinafter jointly referred to as "Defendants") and Plaintiff ANGELA GIMMELLIE ("Plaintiff"), by and through their undersigned counsel, hereby stipulate to amend the Discovery Plan and Scheduling Order (**ECF No. 36**) by extending the current discovery deadline for a period of sixty (60) days along with all upcoming discovery deadlines.

This is the third request for an extension to the Discovery Plan and Scheduling Order in this matter.  The requested extension is sought in good faith and not for purposes of undue delay.  This

request is submitted at least twenty-one (21) days or more before each deadline set forth below. Good cause exists to extend the discovery deadlines. This request is made due to unexpected illness of lead defense counsel, Patrick Hicks, that resulted in a multi-week absence where Mr. Hicks was unable to work or participate in the case, as well as a recent unexpected illness of the representative of Somerpointe who is extensively involved in discovery and strategy. Amy Thompson of Littler Mendelson has stepped in but will require additional time to work through the outstanding meet and confer issues on written discovery, as well as additional time to re-schedule depositions that will require new dates due to pre-existing schedule conflicts of Ms. Thompson as well as the illness of Somerpointe's representative.

## DISCOVERY COMPLETED TO DATE

Defendants served their initial disclosures on April 19, 2021. Plaintiff served her initial disclosures on or about May 13, 2021. Defendants propounded their First Set of Interrogatories and Requests for Production of Documents on April 16, 2021. Plaintiff responded to Defendants' written discovery requests on June 17, 2021. Defendants sent a meet and confer letter to Plaintiff on July 7, 2021. On July 20, 2021, the Court signed the Parties' First Stipulation and Order to Extend Discovery Deadlines. The following events occurred after the Parties' first extension:

- On July 20, 2021, Defendants propounded their second set of written discovery in the form of Requests for Production.
- On August 19, 2020, Plaintiff served her First Supplemental responses to Defendants' Interrogatories and Requests for Production.
- On August 20, 2021, the Parties conducted a meet and confer regarding Plaintiff's deficient discovery responses. Following the Parties' meet and confer, Defense counsel emailed Plaintiff's counsel an email confirming the Parties' discussions. The Parties agreed that Plaintiff would supplement her responses by September 3, 2021.
- On August 20, 2021, Plaintiff served her First Set of Interrogatories and Requests for Production on Defendant Junid Sanchez.
- On August 20, 2021, Plaintiff served her First Set of Interrogatories and Requests for Production on Defendant Aaron Lewis.

- On August 20, 2021, Plaintiff served her First Set of Interrogatories and Requests for Production on Defendant Somerpointe.
- On September 20, 2021, Plaintiff disclosed her electronically signed IRS authorization.
- On September 22, 2021, Defense counsel sent to Plaintiff's counsel medical and IRS authorizations for Plaintiff's wet signature.
- On September 29, 2021, Defendants sent a meet and confer letter to Plaintiff seeking Plaintiff's medical authorizations for the past 10 years so Defendants could investigate Plaintiff's Intentional Infliction of Emotional Distress ("IIED") claim.
- On October 1, 2021, Defendants noticed Plaintiff's deposition for November 9, 2021.
- Plaintiff served her First Supplement to Initial Disclosures on October 5, 2021.
- On October 14, 2021, Defendant's sent Plaintiff a meet and confer letter requesting Plaintiff dismiss her IIED claim with prejudice or otherwise provide authorizations for Plaintiff's medical records.
- On October 18, 2021, Defendants served their written responses to Plaintiff's written discovery.
- On October 18, 2021, Defendants served their First Supplement to Initial Disclosures.
- On October 21 and October 26, Defense counsel attempted to meet and confer with Plaintiff's Counsel.
- On October 29, 2021, Defendants filed a Motion to Compel Discovery.
- On November 5, 2021, Plaintiff served her Second Supplement to Initial Disclosures.
- Plaintiff sent a meet and confer letter regarding Somerpointe's discovery responses on November 5, 2021.
- On November 9, 2021, Counsel for Plaintiff and Defendants appeared for Plaintiff's Deposition. However, Plaintiff was involved in a car accident. Thus, counsel for both Parties agreed to reschedule Plaintiff's deposition.
- On November 9, 2021, Defendants served their Amended Notice of Taking Plaintiff's Deposition on November 16, 2021.
- On November 12, 2021, Plaintiff filed an Opposition to Defendants' Motion to Compel.

3.

- On November 16, 2021, Defendants deposed Plaintiff.
- On November 19, 2021, the Parties met and conferred regarding Somerpointe's written discovery responses.
- On November 19, 2021, Plaintiff served her Second Set of Interrogatories and Requests for Production to Defendant Somerpointe Realty, LLC.
- On November 22, 2021, Plaintiff noticed Defendant Junid Sanchez's deposition.
- On November 22, 2021, Plaintiff noticed Defendant Aaron Lewis' deposition.
- On November 22, 2021, Plaintiff noticed Defendant Somerpointe 30(b)(6)'s deposition.
- On November 22, 2021, Plaintiff noticed Defendant's witness Eva Anaya's deposition.
- On December 3, 2021, Counsel met and conferred on schedule for deposing defendants and the deposition topics of Defendant Somerpointe's 30(b)(6) witness.
- On December 2, 2021, Defendant filed a Notice of Withdrawal without prejudice of its Motion to Compel.
- On December 6, 2021, Plaintiff served an Amended Deposition Notice for the deposition of Junid Sanchez to be taken on January 24, 2022.
- On December 6, 2021, Plaintiff served an Amended Deposition Notice for the deposition of Aaron Lewis to be taken on January 26, 2022.
- On December 6, 2021, Plaintiff served an Amended Deposition Notice for the deposition of Somerpointe' 30(b)(6) witness to be taken on January 27, 2022.
- On December 6, 2021, Plaintiff served an Amended Deposition Notice for the deposition of Eva Anaya to be taken on January 25, 2022.
- On December 10, 2021, Defendants served their Second Supplement to Initial Disclosures.
- On December 8, 2022, Plaintiff's Counsel inquired into the status of the response to Plaintiff's meet and confer regarding Somerpointe's discovery responses.
- On December 14, 2021, Counsel met and conferred regarding Defendants' request for an extension to respond to Plaintiff's Second Set of Written Discovery and Plaintiff's

- Counsel again requested a response to the meet and confer regarding Somerpointe's discovery responses.
- On December 21, 2021, Defendants served a Redaction Log to Defendants' Second Supplement to Initial Disclosures.
- On December 30, 2021, Counsel met and conferred regarding the status of discovery, including Defendants' request to continue the noticed depositions, extend the time for discovery, and extend time to respond to Plaintiff's Second Set of Interrogatories and Requests for Production to Defendant Somerpointe Realty, LLC.
- On January 3, 2022, Plaintiff received a response to the meet and confer regarding Somerpointe's discovery responses.

## DISCOVERY THAT REMAINS TO BE COMPLETED

Written discovery is ongoing in this case. The Parties are currently engaged in the meet and confer process on Somerpointe's Responses to Requests for Production and Answers to Interrogatories. Plaintiff believes there are a significant number of documents to be produced, impacting the ability to fully depose Defendants. Defendants are in the process of responding to Plaintiff's second set of requests for production and interrogatories. Defendants are currently awaiting information regarding Plaintiff's medical and mental health providers that came to light during Plaintiff's deposition. Plaintiff is in the process of tracking down information regarding her healthcare providers. Defendants intend to issue subpoenas for records (which subpoenas will be dependent on Plaintiff's supplemental discovery responses) to the newly disclosed third Parties as soon as the healthcare providers are identified. Defendants will require time to review the subpoenaed records, assess the need for third-party depositions concerning the subpoenaed records, and take additional depositions. Plaintiff noticed the depositions of Defendants Sanchez, Lewis, and Somerpointe's FRCP 30(b)(6) witness and a witness employed by Somerpointe. These depositions will need to be moved due to pre-existing schedule conflicts of Ms. Thompson as well as the illness of Somerpointe's client representative. The Parties are engaged in the meet and confer process about Plaintiff's Notice of Taking 30(b)(6) deposition of Somerpointe. Plaintiff is anticipating the production of additional documents from Defendants.

### REASONS FOR EXTENSION TO COMPLETE DISCOVERY

This extension is necessary to allow both Parties ample time to complete all appropriate discovery. The Parties previously sought a limited extension to the discovery deadline in order to facilitate meet and confer efforts on issues regarding written discovery in an effort to avoid unnecessary motion practice. Unfortunately, thereafter, lead defense counsel Patrick Hicks fell unexpectedly ill, resulting in Mr. Hicks being out of the office for two weeks and unable to participate in the case for this extended period of time. Somerpointe's client representative, who is heavily involved in discovery and strategy in this matter, also recently became ill. Amy Thompson, a senior associate of Littler Mendelson, has stepped in but will require additional time to complete the meet and confer process as well as to re-schedule depositions that require new dates due to pre-existing schedule conflicts of Ms. Thompson as well as the illness of Somerpointe's representative. The Parties believe this limited extension of the discovery deadline will afford the Parties the opportunity to work out the ongoing meet and confer issues and potentially avoid Court intervention through motion practice. Thus, good cause exists to extend all deadlines in order to permit the Parties to achieve their respective stated discovery goals.

### PROPOSED REVISED DISCOVERY PLAN

1. Discovery Cut-Off Deadline

The discovery cut-off deadline shall be extended for sixty (60) days from February 17, 2022 **to Monday, April 18, 2022.**[1]

2. Dispositive Motions Deadline

The current dispositive motion deadline is March 21, 2022, and shall be extended to **Wednesday, May 18, 2022.**

3. Joint Pretrial Order Deadline

If no dispositive motions are filed, and unless otherwise ordered by this Court, the joint pretrial order deadline shall be filed thirty (30) days after the date set for filing dispositive motions, and therefore, not later than **Friday, June 17, 2022**. In the event dispositive motions are filed, the date for

---

[1] Deadline lands on a Sunday moved to Monday.

filing the Joint Pretrial Order shall be suspended until thirty (30) days after the Court enters a ruling on the dispositive motions or otherwise by further order of the Court.

6. <u>Fed. R. Civ. P. 26(a)(3) Disclosures Deadline</u>

If no dispositive motions are filed, and unless otherwise ordered by this Court, the Parties shall file the disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections thereto with the Pretrial Order pursuant to LR 26-1(b)(6) in the Joint Pretrial Order, not more than thirty (30) days after the date set for filing dispositive motions and, therefore, not later than **Friday, June 17, 2022.**

7. Extensions or Modification of the Discovery Plan and Scheduling Order

In accordance with Local Rule 26-3, any stipulation or motion for modification or extension of this discovery plan and scheduling order must be made at least twenty-one (21) days prior to the expiration of the subject deadline.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Accordingly, the Parties stipulate, subject to approval of this Court, to the following new proposed deadlines:

|  | Current Deadline | **Revised Deadline** |
|---|---|---|
| Discovery Cut-Off | February 17, 2022 | **Monday, April 18, 2022** |
| Dispositive Motions | March 21, 2022 | **Wednesday, May 18, 2022** |
| Joint Pretrial Order and Disclosures | April 20, 2022 | **Friday, June 17, 2022** |

Dated: January 11, 2022

Respectfully submitted,


*/s/ Amy Howard, Esq.*
JILL GARCIA, ESQ.
AMY HOWARD, ESQ.
H1 LAW GROUP

*Attorney for Plaintiff*
ANGELA GIMMELLIE

Dated: January 11, 2022

Respectfully submitted,


*/s/ Amy L. Thompson, Esq.*
PATRICK H. HICKS, ESQ.
AMY L. THOMPSON, ESQ.
STEVEN J.T. WASHINGTON, ESQ.
LITTLER MENDELSON, P.C.

*Attorneys for Defendants*
SOMERPOINTE REALTY, LLC, AARON LEWIS and JUNID SANCHEZ

**IT IS SO ORDERED.**

Dated: January 12, 2022

_____
UNITED STATES MAGISTRATE JUDGE